# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 3:17-00007-01

CHARLES DUNCAN PIPPINS
       also known as "Chuck"

**ORDER**

Now pending before the Court is Defendant's Motion for Judgment of Acquittal. ECF No. 150. For the reasons specified herein, Defendant's Motion is **DENIED**.

By way of a Superseding Indictment filed on February 14, 2017, Defendant was charged with three counts of drug-related offenses. ECF No. 42. Though Defendant pled guilty to Counts 2 and 3, ECF No. 118, Defendant denied his guilt as to Count 1, which alleged that Defendant conspired to distribute a quantity of 100 grams or more of heroin. Accordingly, the Court held a jury trial from January 23 to January 25, 2018 to resolve the charge of criminal conspiracy. On January 25, 2018, the jury returned a verdict of guilty as to Count 1 of the Superseding Indictment. ECF No. 145.

Defendant now asks this Court to set aside the jury's guilty verdict and enter a judgment of acquittal in his favor. ECF No. 150. Federal Rule of Criminal Procedure 29 provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). The Rule also provides that, pursuant to such a motion, the Court may set aside a guilty verdict and enter an acquittal. Fed. R. Crim. P. 29(c)(2).

In considering a motion for acquittal made after the return of a jury verdict, the Court "must affirm the verdict if it is supported by substantial evidence, viewed in the light most favorable to the government." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id*. (internal quotation and citation omitted). A guilty verdict that is supported by substantial evidence may not be overturned merely because the Court determines that "another, reasonable verdict would be preferable." *Id*. This standard creates a "heavy burden" for a defendant to overcome. *Id*.

At trial, the government produced the following witnesses: Brian Porter, Victoria Bolden, Tara Curd, William Paul Johnston, Tonya Thompson, Detective Jake Bailey, and Detective Matt Siebel. Defendant argues that Mr. Porter, Ms. Bolden, Ms. Curd, Mr. Johnston, and Ms. Thompson each admitted to having been addicted to heroin during the relevant time period and that they all had agreements with the government that limited their exposure to criminal liability for their own illegal activity in exchange for their assistance in Defendant's prosecution. ECF No. 150. As a result of their addictions and their deals, Defendant argues, "[n]one of the witnesses provided testimony from which a reasonable jury could find that [Defendant] conspired with one or more persons to distribute 100 grams or more of heroin." ECF No. 150.

Defendant's arguments focus on the credibility of the witnesses that the government presented at trial. ECF No. 150. The Court, however, is not permitted to review the credibility of witnesses in its consideration of a motion for acquittal. *United States v. Myers*, 2011 WL 13192691, at *1 (S.D.W.Va. Mar. 21, 2011) (unpublished opinion) (citing *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997)) ("The Court does not review the credibility of witnesses when ascertaining whether sufficient evidence existed to support a conviction.") The Court must

simply "consider the evidence viewed in a light most favorable to the government and determine whether any rational jury could have found each essential element of the crime charged beyond a reasonable doubt." *Id*.

In this case, Defendant was found guilty of violating 21 U.S.C. § 846, conspiracy to distribute 100 grams or more of heroin. ECF No. 145. The elements of this crime are as follows: (1) there was a conspiracy to knowingly and intentionally distribute 100 grams or more of a controlled substance; (2) the conspiracy was entered into by two or more persons; and (3) at some time during the conspiracy, the defendant knew the purpose of the conspiracy, and then deliberately joined the conspiracy.

During the trial, witnesses Mr. Porter, Ms. Bolden, Ms. Curd, Mr. Johnston, and Ms. Thompson each offered testimony regarding Defendant's distribution of heroin in Huntington, West Virginia. Some testified that Defendant had solicited them to sell heroin on his behalf while others testified that they had purchased heroin directly from Defendant at regular intervals over the relevant time period. Collectively, and some even individually, these witnesses testified to having sold for and/or purchased from Defendant over 100 grams of heroin. Further, Detectives Bailey and Siebel testified as to the investigation into Defendant's local heroin sales and explained to the jury that Defendant was arrested after Mr. Porter, who at some point became a confidential informant for the police, conducted a controlled purchase of heroin from Defendant in 2016.

Without reviewing the credibility of these witnesses and construing the evidence in a light most favorable to the government, the Court finds that there was enough evidence for a rational jury to find each essential element of the crime charged beyond a reasonable doubt. Accordingly, the Court finds that the jury's verdict in this case is supported by substantial evidence and therefore

must stand. Thus, the Court **DENIES** Defendant's Motion, ECF No. 150, and the jury's verdict of guilty remains.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:	January 30, 2018

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE