IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES DUNCAN PIPPINS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO. 3:19-0876
(Criminal No. 3:17-00007)

**AMENDED MEMORANDUM OPINION AND ORDER**

    Pending before the Court is Charles Duncan Pippins's pro se Objection to the Magistrate [Judge's] Proposed Findings and Recommendations. ECF No. 229. For the following reasons, the Objection is **DENIED**. The Court **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendations ("PF&R"), except as to Objection 7, as discussed further below. ECF No. 223. The Court amends this opinion only to address an additional argument raised by Movant in a belated "Supplemental Response." ECF No. 236.

**I. FACTUAL BACKGROUND**

    On January 18, 2017, Movant was named in a three-count indictment charging him with various controlled substance offenses. ECF No. 1. Count One charged Movant with conspiracy to distribute a quantity of heroin in violation of 21 U.S.C. § 846. *Id*. Count Two charged Movant with distributing heroin and Count Three charged him with possession with intent to distribute heroin, both in violation of 21 U.S.C. 841(a)(1). *Id*. On February 14, 2017, a three-count superseding indictment was returned. ECF No. 42. Count One now charged Movant with conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846, an offense punishable by

a term of imprisonment of five to forty years. *Id*. Counts Two and Three remained unchanged in the superseding indictment and are punishable by up to twenty years imprisonment. *Id*.

On January 19, 2017, the Office of the Federal Public Defender was appointed to Movant's case. ECF No. 12. Attorney Christian M. Capece filed a Notice of Appearance the next day. ECF No. 15. On March 24, 2017, Attorney Capece filed a motion to be relieved as counsel, which the Court granted on April 4, 2017. ECF Nos. 64, 67. On October 30, 2017, the United States filed an information pursuant to 21 U.S.C. § 851, alleging that Movant had been previously convicted of two felony controlled substance offenses, which would subject him to enhanced statutory penalties. ECF No. 100. After Movant again requested new counsel, the Court appointed Attorney Joseph M. Farrell, Jr. on November 6, 2017.[1] ECF No. 104.

On January 8, 2018, Movant filed a motion to schedule a guilty plea hearing. ECF No. 112. On January 16, 2018, Movant entered guilty pleas to Counts Two and Three of the superseding indictment without a plea agreement. ECF Nos. 116, 118. On January 22, 2018, Movant filed a second motion to schedule a guilty plea hearing and stated his intent to plead guilty to Count One of the superseding indictment. ECF No. 129. Movant appeared for the purposes of entering his guilty plea, but during the hearing, the Court found that Movant did not admit to a sufficient factual basis to support the plea and thus ordered trial to proceed the next day. ECF Nos. 132, 134.

After a three-day trial, a jury found Pippins guilty of the charge in Count One, conspiracy to distribute 100 grams or more of heroin. ECF No. 144. On June 18, 2018, this Court sentenced Movant. ECF Nos. 174, 179. Based on a total offense level of 36 and a criminal history category III, the Court found that the advisory United States Sentencing Guidelines ("guideline") range was

---

[1] During the period between his representation by Attorney Capece and Attorney Farrell, defendant was represented by two other attorneys who were later relieved. *See* ECF Nos. 85, 86, 98, 104. His motion raised no allegations regarding these other attorneys.

235 to 293 months. *Id*. The Court sentenced Movant to 240 months of imprisonment on each count of the superseding indictment, with terms to run concurrently, followed by eight years of supervised release. *Id*. Movant filed a direct appeal in the Fourth Circuit; his conviction and sentence were affirmed. *See United States v. Pippins*, 761 F. App'x 154 (4th Cir. 2019).

On December 6, 2019, Movant filed the instant § 2255 Motion, raising various claims of ineffective assistance of counsel. ECF No. 202. Magistrate Judge Aboulhosn ordered Attorneys Capece and Farrell to file affidavits responding to those allegations and ordered the United States to answer the motion. ECF Nos. 205, 212, 213, 215. Movant also filed a reply brief. ECF No. 218. On February 17, 2022, the Magistrate Judge filed his PF&R, recommending that the District Court deny Movant's motion. ECF No. 223. Because the Court did not receive any objections from Movant by the deadline specified, it accepted and incorporated the PF&R. ECF No. 226. However, the Court then received Movant's objections. ECF No. 229. The Court granted a reconsideration of its previous memorandum opinion and order (ECF No. 226) and judgment order (ECF No. 227) and noted that it would consider the objections. ECF No. 231. It has now considered those objections and the underlying PF&R and pleadings.

## II. LEGAL STANDARD

Where a party is proceeding *pro se*, the Court will liberally construe his pleadings and objections. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In reviewing objections to a PF&R, the Court must conduct a *de novo* review of those portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). On the other hand, the Court is not obligated to conduct a review of factual and legal conclusions to which a party does *not* object. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Nor is the Court tasked with conducting *de novo* review of "general and conclusory" objections; instead, objections must raise specific errors in the PF&R. *McPherson*

*v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless"). Finally, the Court possesses the wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). With this framework in mind, the Court turns to a consideration of Movant's pending objections.

### III. ANALYSIS

Movant presents various nonspecific objections as to Magistrate Judge Aboulhosn's PF&R. Some objections center on the Magistrate Judge's phrasing of certain findings. In addition, Movant further details the grounds stated in support of his § 2255 motion and largely reasserts the arguments raised before the Magistrate Judge, that defense counsel provided ineffective assistance of counsel.

A successful claim for ineffective assistance of counsel is a hard standard to meet. Under *Strickland v. Washington*, a criminal defendant can prove ineffective assistance of counsel by meeting the requirements of a two-pronged test. 466 U.S. 668, 687 (1984). First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Second, the defendant must show that he was actually prejudiced by the unreasonable representation. *Id.* The defendant carries the burden of satisfying both prongs of the test and "a failure of proof on either prong ends the matter." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 1994).

A. Objection One:

Movant's first objection is that Magistrate Judge Aboulhosn recharacterized his constitutional claims by rephrasing the claims and then only addressing part of the claim or a different claim. Obj. at 1. In particular, he objects to the Magistrate Judge's statement "[a]s relief, Movant requests that this Court 'set aside his sentence of 240 months and allow him to accept the Government's plea offer of 78 to 97 months of imprisonment pursuant to Rule 11 of the Federal Rules of Criminal Procedure, or in the alternative, vacate his sentence and remand for sentencing based upon the ineffective assistance of counsel [Movant] received at sentencing.'" *Id*. (quoting PF&R at 4) (quoting § 2255 Motion, ECF No. 202). Movant now argues that this statement, though taken verbatim from the conclusion section of his Motion, is not representative of his overall pleadings. Obj. at 1-2. Specifically, he seems to allege that the Magistrate Judge did not consider his requests for evidentiary hearings to address certain constitutional claims or for a resentencing hearing. *Id*.

But an evidentiary hearing is only required when the Magistrate Judge finds a § 2255 motion is meritorious. Indeed, consistent with the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery; the court may also direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. See Rule 8(a). If the movant is clearly unable to state a claim that entitles him to relief, the court may deny the motion without an evidentiary hearing. *Raines v. United States*, 423 F.2d 526, 529

(4th Cir. 1970). Magistrate Judge Aboulhosn found that the claims were not meritorious, and thus no evidentiary hearing was required. PF&R at 27. Similarly, no resentencing hearing is required where the claims are without merit. The Magistrate Judge did not improperly summarize Movant's requested relief or otherwise ignore his requests. He analyzed each of Movant's purported claims and found them to lack merit. Thus, this objection is similarly without merit.

    B. Objection Two:

Movant's next objection is that the Magistrate Judge misconstrues his pleadings. Movant takes issue with the Magistrate Judge's sentence "[m]ovant, [however], complains that he feels he was "tricked" into stipulating he conspired to distribute 1 to 3 kilograms under Count Two, which triggered the mandatory minimum." Obj. at 3 (quoting PF&R at 11). Instead, Movant claims that he never used the word "tricked" nor asserted that he was tricked. *Id*. But in his own motion, movant wrote that "[p]etitioner felt and still feels that it was a trick to expose himself to a minimum ten years." § 2255 Mot. at 23. The Court will not consider the general objection that the Magistrate Judge is misquoting Movant and being deceptive. The Court has reviewed the pleadings, and the Magistrate Judge's characterization of same, and finds no issue.

Movant seems to be arguing that the Magistrate Judge has misunderstood his objections because he is not complaining about a ten-year mandatory minimum, but rather Attorney Capece's advice regarding the guideline range for Counts Two and Three. Obj. at 3-4. Though unclear, Movant's argument that Attorney Capece misadvised him of his guideline range, motivating his guilty plea, is without merit. As the Magistrate Judge found, upon review of the March 6, 2017, letter sent by Attorney Capece, he thoroughly and appropriately advised Movant of the sentencing exposure he faced on all three counts. *See* PF&R at 11-12; Ex. 1, ECF No. 214-1. Specifically,

Attorney Capece advised Movant accurately about the effect that a § 851 notice would have on the sentencing exposure as to all counts. *Id*.

Moreover, during the colloquy in his plea hearing, this Court advised Movant that a maximum sentence of up to twenty years' imprisonment was possible on both Counts Two and Three. *See* Plea Hrg. Trans. at 17-21, ECF No. 189. In the same colloquy, the Court advised Movant of the advisory guidelines and explained how they would apply to determine his sentence. *Id*. at 20-22. Finally, Movant acknowledged that he understood that any sentence imposed by the Court could be different from his lawyer's estimate. *Id*. at 22. Thus, his argument that he was incorrectly advised that he faced a lower guideline range is without merit.

C. Objection Three:

Movant next appears to argue that the plea colloquy, discussed extensively in the PF&R, does not absolve Attorney Capece of his "misadvice" - his statement that the estimated guideline range on Counts Two and Three was 24-30 months. Obj. at 4-5. Movant argues that he had "no reason whatsoever, based on the advise [sic] given to him by Attorney Capese [sic] that he would be sentenced to anything other than the conduct that constituted Counts 2 and 3." *Id*. at 5. But the letter from Attorney Capece specifically and repeatedly notes that the guideline range is merely an estimate, based on the evidence available to him at the time. Ex. 1 at 5-6, ECF No. 214-1. He goes on to note that, if convicted of the conspiracy offense, Movant would likely be found responsible for over 15,000 grams of heroin – subjecting him to a base offense level of 34. *Id*. at 7-8. In fact, Movant was found responsible for less heroin than that, putting him at a base offense level of 32. Thus, Movant was adequately apprised of his maximum sentencing exposure on all counts, and this objection is not meritorious. Additionally, the plea colloquy serves as important evidence that Movant understood and wanted to plead guilty. *See Fields v. Attorney General of Maryland*, 956

F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").

D. Objection Four:

Movant next objects to the Magistrate Judge's use of the phrase "buyers' remorse" to characterize Movant's sentiments. Obj. at 6-7. He goes on to state that he "purchased nothing from the Government" and "saw no benefits for himself to accept the plea offer and counsel could not affirmatively show any benefits in accepting the plea." *Id*. This is a nonspecific objection to a particular phrase used by the Magistrate Judge. Because the Magistrate Judge adequately analyzed the underlying facts and correctly determined that there was no underlying ineffective assistance claim as to Attorney Capece and the plea deal, the Court finds no issue with his characterization of Movant's claim.

E. Objections Five and Six:

Movant next objects to the Magistrate Judge's finding that Attorney Farrell was not ineffective in failing to object to Ms. Thompson's testimony as Rule 404(b) Evidence. *See* Obj. at 8 (citing PF&R at 16). He asserts that this mischaracterizes his argument and that the "government and the Magistrate [are] orchestrating the ruse [that petitioner is arguing that the testimony constitutes Rule 404(b) evidence]." *Id*. at 9. Movant instead asserts that he never claimed that Ms. Thompson's testimony constituted Rule 404(b) evidence and that, instead, his argument was that his counsel was ineffective by failing to object and failing to request an evidentiary hearing on the general admissibility of Ms. Thompson's evidence. *Id*. at 8-9.

But Movant specifically titled his objection "[c]ounsel was constitutionally ineffective for not objecting to Rule 404(b) testimony by Ms. Thompson." § 2255 Mot. at 20. Similarly, he made multiple references to the testimony as Rule 404(b) testimony and suggested that the failure to

object to it as such was the basis of his claim in his own Reply. *See* Reply at 1-9, ECF No. 218. It was not unreasonable for the Magistrate Judge to understand this as the basis for his objection and properly analyze it as not meritorious, particularly considering the Fourth Circuit had explicitly held the same. *See Pippins*, 761 F. App'x at 157.

But even if Movant properly raised the objection that his attorney was deficient in failing to file a motion for an evidentiary hearing regarding the admissibility of Ms. Thompson's testimony (either about an incident involving a gun or otherwise objecting to her credibility generally), the argument is without merit. Attorney Farrell was not required to object to Ms. Thompson's testimony before trial and demand an evidentiary hearing. *See United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) ("Thus, 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'") (quoting *Strickland*, 466 U.S. at 691). As Mr. Farrell noted in his affidavit, and as the record clearly reflects, he made significant efforts to challenge Thompson's testimony, specifically regarding the gun. ECF No. 208 at 3-4. And indeed, the Court did not apply an enhancement for alleged possession or use of a gun at sentencing, finding that her testimony on that incident was not credible.[2] Movant's sixth objection stems from the same grounds and asserts that he was actually prejudiced by Attorney Farrell's deficient performance. But, as discussed above, absent a finding of deficient performance, there need not be any further discussion of prejudice. The Magistrate Judge's findings on prejudice regarding Movant's purported 404(b) argument are correct. Thus, these objections lack merit.

---

[2] Of note here though, is that the Court found her credible regarding the drug amounts. Sent. Trans. at 91-92. Movant does generally challenge her credibility, but only suggests he has witnesses to challenge the alleged gun incident and that this particular testimony prejudiced him. *See* Obj. at 8-10.

F. Objection Seven:

Finally, Movant objects to the Magistrate Judge's findings determining that his *Alleyne* and *Apprendi* claims are without merit. Obj. at 15-25. In doing so, Movant largely rehashes the argument presented in front of the Magistrate Judge in his original briefing. The gist of his argument appears to be that the Court erred by not issuing a jury instruction or special verdict form as to "the specific drug amount of the entire conspiracy and the specific threshold amount reasonably foreseeable to each individual involved in the conspiracy for the purposes setting the statutory penalty range necessary for sentencing" and that his lawyer was ineffective for failing to object to this omission. Obj. at 16. Ultimately, this Court agrees with the Magistrate Judge's finding that counsel was not ineffective, but for different reasons than those laid out in the PF&R.

Regarding the jury instructions, the Court finds that *Collins* required it to make a specific instruction or ask the jury to make a specific finding regarding the amount of drugs attributable to a defendant. *See United States v. Collins*, 415 F.3d 304, 314 (4th Cir. 2005) (finding error in failing to instruct a jury in that, for purposes of setting a specific threshold drug quantity under § 841(b), the jury must determine what amount of drugs is attributable to an individual defendant using *Pinkerton* principles). The Court made the following jury instruction at trial:

> To sustain its burden of proof in connection with Count One, the government must prove the following three essential elements beyond a reasonable doubt: First, there was a conspiracy to knowingly and intentionally distribute 100 grams or more of a controlled substance; and, second, the conspiracy was entered into by two or more persons; and, third, at some time during the conspiracy, the defendant knew the purpose of the conspiracy and then deliberately joined the conspiracy.
>
> [I]f you conclude the government has proved some, but not all of the elements of this crime, you may then consider whether the defendant is guilty of conspiracy to distribute less than 100 grams of heroin. This is what is called a lesser included offense. To find the defendant guilty of conspiracy to distribute less than 100 grams of heroin, the government must prove three elements beyond a reasonable doubt: First, that there was a conspiracy to knowingly and intentionally distribute less than 100 grams of a controlled substance; second, the conspiracy was entered into by

two or more persons; and, third, at some time during the conspiracy, the defendant knew the purpose of the conspiracy and then deliberately joined it. In other words, if you do not find the defendant guilty of conspiracy to distribute 100 grams or more of heroin, but find the government has proven these elements, you may find the defendant guilty of conspiracy to distribute less than 100 grams of heroin.

The evidence need not establish a specific amount or quantity of the controlled substance involved, but only that the object of the conspiracy involved 100 grams or more of a controlled substance as charged in Count One of the superseding indictment.

Trial Trans. at 7-9, ECF No. 195.

Of course, the elements of an § 846 offense that the government must prove are ""(1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." *United States v. Strickland*, 245 F.3d 368, 384-85 (4th Cir. 2001) (citing *United States v. Wilson*, 135 F.3d 291, 306 (4th Cir. 1998)). But the Fourth Circuit has also held that it is reversible error for a Court to fail to give a supplemental *Pinkerton* instruction or otherwise make plain that a defendant is responsible only for conduct within the scope of his criminal agreement and reasonably foreseeable. *See United States v. Ferguson*, 245 F. App'x 233, 236 (4th Cir. 2007); *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005). Indeed, "[w]e have since emphasized that 'in order to properly apply the sentencing provisions of § 841(b)(1) in a § 846 drug conspiracy prosecution," *Collins* requires the jury to determine beyond a reasonable doubt that the threshold drug quantity specified in § 841(b)(1) was reasonably foreseeable to the defendant." *United States v. Denton*, 944 F.3d 170, 181 (4th Cir. 2019) (quoting *United States v. Jeffers*, 570 F.3d 557, 569 (4th Cir. 2009).

Here, the Court took some measures to specify that the jury's findings should be based on defendant's individual responsibility for the drugs. For example, it gave instructions on a lesser included offense as discussed above. Sent. Trans. at 8-9. Further, it discussed *Pinkerton* principles

generally, stating that defendant could be held responsible for acts done by co-conspirators during the conspiracy and in furtherance of it. *Id*. at 9-10. However, it was not entirely clear from the language used whether the jury had to find defendant individually, or the conspiracy as a whole, responsible for the 100 grams. Additionally, the Court did not use a special verdict form requiring the jury to specifically find an amount attributable or at least reasonably foreseeable to Movant. Thus, Movant has an arguable claim that the Court committed a *Collins* error.

But an error in the jury instructions does not entitle Movant to relief in these circumstances,[3] and thus, the Court also concludes that any failure to object does not amount to ineffective assistance. The Fourth Circuit, in *Rangel*, examined exactly this set of circumstances - trial counsel failed to request an instruction stating that the jury must determine drug weight using *Pinkerton* principles. *United States v. Rangel*, 781 F. 3d 736, 743 (4th Cir. 2015). It went on to find that this failure did not constitute ineffective assistance of counsel. *Id*. The same is true here. There is no reasonable probability that a proper jury finding would have resulted in a statutory range that precluded Movant's sentence. Even under the default penalty provision of 21 U.S.C. § 841(b)(1)(C), for which no specific quantity of a drug must be proven, Movant faced a maximum penalty of thirty years, because of the § 851 enhancement for his prior conviction.

Moreover, this Court would have imposed the same sentence had the *Collins* error not occurred. First, as in *Rangel*, the jury established beyond a reasonable doubt that the conspiracy involved at least 100 grams of heroin, even with robust argument and cross-examination contesting the amount of drugs involved in the offense, and there is no basis to conclude that this amount was

---

[3] Note that a conviction under § 846, even without a specific instruction as to drug quantity, remains sound. *See Collins*, 415 F.3d. at 314. ("Guilt of the substantive offense defined in § 841(a) is not dependent upon a determination of the amount or type of narcotics distributed. Therefore, the error below concerns not § 841(a), but the penalty provisions in § 841(b).")

not reasonably foreseeable to Movant. Multiple witnesses testified that Movant was a management figure in the conspiracy and helped coordinate movement of large amounts of heroin within Huntington, with all three witnesses testifying to far more than 100 grams being attributable to Movant directly, as the Court noted at sentencing. Sent. Trans. at 90-93.

Moreover, the exact issue was raised at sentencing, and this Court found that Movant was personally responsible for 5,062.76 grams of heroin, noting that his conduct likely amounted to "well more than the conservative estimate provided in the presentence report and certainly well within the range provided at offense level 32." *Id*. at 93. Thus, the Court's finding was not a mere adoption of the jury finding but involved separate consideration of testimony as to Movant's conduct, and the amount of heroin attributable to him when determining his guideline range of 235 to 293 months.[4] The guideline range based on the Court's findings was well above any ten-year mandatory minimum, and ultimately the Court imposed a sentence within both the statutory and guideline ranges. These same considerations led the Court in *Rangel* to determine that the defendant did not satisfy the prejudice prong. 781 F.3d at 745. Here too, Movant cannot satisfy the prejudice prong and did not receive ineffective assistance of counsel at trial. Thus, the Court ultimately agrees that Movant's claim regarding alleged ineffective assistance of counsel at trial or sentencing is without merit and denies any objection based on this ground.

G. Supplemental Response

In addition to his objections, Movant filed a "supplemental response" in support of his § 2255 Motion. ECF No. 236. It appears to raise an additional ground regarding ineffective assistance of counsel that he failed to raise in his initial motion and briefing, almost two years ago.

---

[4] Defendant's base offense level was 36 because he received a four-level increase for organizer/leadership position, and he had a criminal history category of III.

While the Court need not consider this untimely response, filed without leave of court, the Court will address this contention briefly now. *See* L.R. Civ. P. 7.1(a)(7). Movant now claims that because his conspiracy conviction is broader than the generic crime of conspiracy, his conviction no longer qualifies as a controlled substance conviction under the Guidelines.[5] *See* Supp. Resp. at 1. He goes on to argue that had he been "advised correctly" by Attorney Capece, he then could have challenged the Government's ability to apply an § 851 enhancement to his case, because one of his offenses of conviction was conspiracy. *Id*. Instead, Mr. Capece informed him that the Court must apply an § 851 enhancement upon his conspiracy conviction. *Id*. This is borne out, in part, by the advice letter sent by counsel, where counsel noted that, because of his prior felony drug offenses in Michigan, his statutory exposure increased upon conviction of the conspiracy charge, the possession charge, or the possession with intent to distribute charge in the Superseding Indictment. *See* Ex. 1 at 5, ECF No. 214-1.

There are a few reasons why this argument is unavailing. First, Movant's § 851 enhancement was predicated on his prior felony drug offenses in Michigan, delivery/manufacture of marijuana and delivery/manufacture of a controlled substance (narcotic) less than 50 grams, not on the conspiracy conviction itself. *See* ECF No. 100. Because Movant had prior state convictions which were "serious drug felon[ies]," he was subjected to increased statutory penalties when convicted of either his § 841 counts or the § 846 count.[6] *See* 18 U.S.C. §§ 841(b),(c). Here, Movant

---

[5] Of course, while *Norman* held that conspiracy was overbroad in qualifying as a "controlled substance offense under the Guidelines," it remains to be seen whether the Fourth Circuit will apply the same logic to find that it is not a "serious drug felony" as described in § 841 that would subject him to the statutory enhancement. Whether the state convictions themselves are overbroad was not challenged here.

[6] Of course, this is true because the penalties in § 846 are based on the penalties for the underlying offense, which here was distributing 100 grams or more of heroin, based on the Superseding Indictment.

was convicted not only of the conspiracy offense (Count One) but also of distribution of a quantity of heroin (Count Two) and possession with intent to distribute a quantity of heroin (Count Three). *See* Judgment Order. There is no indication in *Norman* that, because conspiracy offenses are overbroad for career offender/Guidelines purposes, convictions under that statute cannot be enhanced pursuant to the provisions in § 841(b) if a defendant has a prior conviction for a "serious drug felony." Moreover, the enhancements laid out in § 841(b) remain applicable to the other drug offenses charged in Counts Two and Three.

Further, even if *Norman* means that conspiracy is overbroad for the purposes of subjecting Movant to a statutory sentencing enhancement, it had not been decided by the Fourth Circuit at the time of Movant's sentencing. Thus, his counsel did not provide him with inaccurate information. And, as the Fourth Circuit noted in *Norman*, it had previously assumed that § 846 conspiracy convictions qualified as controlled substance offenses, though in the context of the career offender guidelines. *See United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019) (citing *United States v. Kennedy*, 32 F.3d 876, 888 (4th Cir. 1994); *United States v. Walton*, 56 F.3d 551, 555 (4th Cir. 1995); *United States v. Brandon*, 363 F.3d 341, 345 (4th Cir. 2004)). Thus, Attorney Capece understandably believed that, upon conviction of the conspiracy count, the enhancement would be applicable and increase the statutory exposure Movant faced. For these reasons, the grounds raised in his supplemental response are without merit.

### IV. CONCLUSION

For the reasons stated, the Court **DENIES** Movant's Objection, ECF No. 229, and **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendation except as to Objection 7. ECF No. 223. The Court further **DISMISSES** Movant's § 2255 Motion. ECF No. 202. As a final matter, the Court **ORDERS** this case stricken from its docket.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, as well as to any unrepresented parties.

        ENTER:     August 12, 2022

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE